UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **JACK VENABLE AND CATHERINE VENABLE** § § § | **CIVIL ACTION NO:** |
| *Plaintiffs* § | |
| v. § § | |
| **FOREST RIVER, INC.** § § | |
| *Defendant* § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I.  Parties

1. Plaintiffs, JACK VENABLE and CATHERINE VENABLE, are individuals that are now and have been at all times citizens of the state of Louisiana.

2. Defendant, FOREST RIVER, INC., hereinafter "FOREST RIVER," is a citizen of Indiana and an Indiana corporation with its principal place of business located in Elkhart, Indiana and is a warrantor of the recreational vehicle that Plaintiffs purchased and is a merchant in goods of the kind involved in this case.

FOREST RIVER's agent for service of process is Darrel O Ritchie Forest River, Inc. 900 County Road 1, Elkhart, Indiana 46514.

### II.  Jurisdiction

3. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involves a question of federal law.

-1-

This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

6. On June 19, 2021, Plaintiffs purchased a new 2021 FOREST RIVER PUMA PUT28DBFQ-1 bearing VIN: 4X4TCKB27NKO79378, hereinafter "PUMA," from CAMPERS & MORE  The "PUMA" was purchased primarily for Plaintiffs's personal use.

7. The sales price of the PUMA was $40,000.00. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.  See **_Hughes v. Segal Enterprises, Inc._, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); _Chariton Vet Supply, Inc. v. Moberly Motors Co._, 2:08CV47MLM, 2009 WL**

**1011500 (E.D. Mo. Apr. 15, 2009).**

8. Plaintiffs are also entitled to an award for nonpecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00. See ***Beasley v. Ed's MobileHomes, Inc.***, 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

9. Since purchase, Plaintiffs have returned their PUMA to the Defendant and its authorized dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant was given the opportunity to repair the PUMA, the Defendant has failed to repair the PUMA.

10. Plaintiffs directly notified the Defendant of the defects, non-conformities and conditions in the PUMA on numerous occasions.

11. The PUMA is a "thing" under La. Civil Code Articles 2520, et seq.

12. FOREST RIVER is a "manufacturer" and "final assembler" under La. Civil Code Articles 2520, et seq.

13. CAMPERS & MORE is a "seller" under La. Civil Code Articles 2520, et seq.

14. Plaintiffs are "buyer" under in La. Civil Code Articles 2520, et seq.

15. The defects described in the PUMA vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

16. Plaintiffs have provided the Defendant sufficient notice and opportunity to repair his defective PUMA.

17. Plaintiffs have performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant,

-3-

as herein alleged.

18. The hidden defects, non-conformities and conditions in the PUMA existed at the time of sale, but were not discovered until after delivery. Neither Plaintiffs nor a reasonable prudent buyer would have purchased the PUMA had he or she known of the defects prior to the sale.

19. Furthermore, the Defendant has failed to repair the PUMA which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiffs to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

20. Under Louisiana Redhibition laws, Plaintiffs are entitled to recover a sum equal to the aggregate amount of attorney fees, costs and expenses, if Plaintiffs prevails. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection here within.

21. Plaintiffs are also a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

22. Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

23. The PUMA is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

24. The express warranties more fully described herein above pertaining to the PUMA,

-4-

is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

25.  The actions of the Defendant as herein above described, in failing to tender the PUMA to Plaintiffs free of defects and/or refusing to repair and/or replace the defective PUMA tendered to Plaintiffs constitute a breach of the written and implied warranties covering the PUMA and hence a violation of the Magnuson-Moss Warranty Act.

26.  Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

27.  As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth herein above, Plaintiffs have been damaged herein above in an amount in excess of $500,000.00 according to proof at trial.

28.  Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

29.  The Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffss' PUMA or those similarly situated were free from inherent risk of failure or latent defects, non-conformities, and conditions. In addition, the Defendant issued an expressed written warranty which covered the PUMA and

warranted that the PUMA was free of defects, non-conformities, and conditions in materials and work quality at the time of delivery.

30.  As alleged above, the Defendant breached its warranties by offering for sale, and selling as safe to Plaintiffs, a PUMA that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

31.  In breach of the foregoing warranties, the Defendant has failed to correct said defects, non-conformities, and conditions.

32.  The damages Plaintiffs have suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

33.  The Defendant impliedly warranted that Plaintiffs' PUMA which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

34.  Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects, non-conformities, and conditions existed and might not be discovered, if at all, until the PUMA had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects, non-conformities, and conditions from Plaintiffs.

35.  Because of the defects, non-conformities, and conditions, Plaintiffs' PUMA is unsafe and unfit for use and has caused economic loss to the Plaintiffs.  Therefore, the Defendant breached

-6-

the implied warranty of merchantability.

36.   The damages Plaintiffs have suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## VI.   Prayer for Relief

37.   For these reasons, Plaintiffs pray for judgment against the Defendant for the following:

    a.    For general, special and actual damages according to proof at trial;

    b    Rescinding the sale of the 2021 FOREST RIVER PUMA PUT28DBFQ-1 bearing VIN: 4X4TCKB27NKO79378 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c.    For incidental, consequential and non-pecuniary damages according to proof at trial;

    d.    Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

    e.    Any diminution in value of the PUMA attributable to the defects;

    f.    Past and future economic losses;

    g.    Prejudgment and post-judgment interest;

    h.    Attorney fees;

    i.    Costs of suit, expert fees and litigation expenses; and

    j.    All other relief this Honorable Court deems appropriate.

**VII.   Demand for Jury Trial**

38.   Plaintiffs hereby demand trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
(337) 371-0375

ATTORNEY FOR PLAINTIFFS